UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| APRIL MAY HOEZEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-423 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On November 7, 2012, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 23). Defendant does not oppose the motion. For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,750.00.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

    **1.**    **Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the

rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 30 hours in attorney time. (docket # 23, ID#s 81, 92). This is reasonable for the work performed.

   2.   **Hourly Rate**

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $185.75 for work performed in this court. (docket # 23, ID#s 82-83, 93). The requested rate is well above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord O'Neal v. Commissioner*, No. 1:08-cv-723, 2011 WL 445936, at * 2 (W.D. Mich. Jan. 27, 2011) (Maloney, C. J.) ("[T]his court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in EAJA's statutory fee cap.").

Here, as in other cases, "plaintiff's counsel introduces data from the State Bar of Michigan's annual Economics of Law Practice survey showing the 2010 median and mean hourly billing rates for all private practitioners ($215 and $237), attorneys in practice 26–30 years like plaintiff's counsel ($233 and $248), attorneys in the Grand Rapids area ($225 median and $246 mean), appellate attorneys ($250 and $259), administrative-law attorneys ($225 and $243), and attorneys in Kent County, Michigan ($240 and $251)." *Reynolds v. Commissioner*, No. 1:10-cv-738, 2011 WL 1740006, at * 1 (W.D. Mich. May 4, 2011). However, counsel does not establish a prevailing market rate for the specific relevant market, which is social security appeals in this district. "Th[e] survey information as described does not indicate rates charged for Social Security appeals in th[is] District ... and thus does not establish what the prevailing market rate is for these types of cases." *Id.* (quoting *McNelis v. Commissioner*, No. 08-12529, 2011 WL 743393 at *2 (E.D. Mich. Feb. 23, 2011)). Plaintiff failed to carry her burden of showing "entitlement to a rate higher than the statutory maximum rate which is customarily awarded in the solid majority of social security appeals in this district." *Reynolds*, 2011 WL 1740006, at * 1; *see e.g.*, *Brassard v. Commissioner*, No. 1:12-cv-345, 2013 WL 1499035, at * 1 (W.D. Mich. Apr. 10, 2013); *Van Horn v. Commissioner*, No. 1:11-cv-763, 2013 WL 254137, at * 2 (W.D. Mich. Jan. 3, 2013); *Mish v. Commissioner*, No. 1:09-cv-753, 2012 WL 1790018, at * 3 (W.D. Mich. May 15, 2012); *Rhoads v. Commissioner*, No. 1:09-cv-789, 2012 WL 191756, at * 2 (W.D. Mich. Jan. 6, 2012); *O'Neal v. Commissioner*, 2011 WL 445936, at * 2; *Sassan v. Astrue*, No. 1:08-cv-120, 2010 WL 3843767, at * 1 (W.D. Mich. Sept. 28, 2010); *Cf Mueller v. Commissioner*, No. 1:09-cv-695, 2011 WL 2648703, at * 2 (W.D. Mich. July 6, 2011).

I find that plaintiff has not carried her evidentiary burden to justify compensation at any rate above the statutory cap. I further find that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed. Multiplying the 30 hours reasonably expended by counsel by the $125 per hour rate results in a $3,750.00 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $3,750.00 for the reasonable attorney's fees expended in this matter.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that the court enter a judgment in plaintiff's favor against defendant in the amount of $3,750.00.

Dated: May 30, 2013                /s/ Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).